

Shearman & Sterling & Wright, New York City, for petitioner, First Nat. City Bank of New York. John A. Wilson, Michael J. DeSantis, MacIlburne Van Voorhies, New York City, of counsel.

Arthur H. Christy, U. S. Atty., for Southern Dist. of New York, New York City, for respondent. Robert J. Ward, Asst. U. S. Atty., New York City, of counsel.

DIMOCK, District Judge.

This is a motion by The First National City Bank of New York, hereinafter petitioner, to vacate or modify a summons of the Internal Revenue Service dated June 5, 1958. The summons was issued pursuant to section 7602 of the Internal Revenue Code, 26 U.S.C. § 7602, and calls for production of certain bank records relating to the account of a corporation that is under investigation by the Internal Revenue Service.

**Application of the FIRST NATIONAL CITY BANK OF NEW YORK, Petitioner, to Vacate a Summons to Appear, to Testify and to Produce Books, etc., Relating to the Atlanta Corporation, Limited.**

**Internal Revenue Service of the United States Treasury Department, Respondent.**

United States District Court
S. D. New York.

Sept. 22, 1958.

Petitioner cites Judge Patterson's opinion in In re Harris, D.C.S.D.N.Y., 27 F.Supp. 480, in support of its contention that the records are not so within the control of the main office in New York as to be subject to production under the summons. I have no disposition to depart from the Harris case and it is on all fours with the instant one except that there the command was that of a subpoena duces tecum in a bankruptcy proceeding while here the command is that of a Treasury Department summons. My question therefore is whether the fact that it is the Government rather than a trustee in bankruptcy who wants the records ought to change the result.

While the cases speak of "control" as the touchstone that word is not used literally. In the Harris case the Chase National Bank was relieved of the command of a subpoena to produce records of its London branch on the ground, at page 481, that they were "not so within the control of the main office here as to be subject to production by subpoena duces tecum served here." I cannot believe that if the president of the bank had wanted those records brought to the main office for the bank's own purposes he would not have had sufficient "control" of them to get them here. The Harris case represents instead a liberal construction of section 604 of Title 12 U.S.C. which provides that "[e]very national banking association operating foreign branches shall conduct the accounts of each foreign branch independently of the accounts * * * of its home office". Judge Patterson said that those words led to the conclusion that the foreign records were not sufficiently within the control of the main office to be subject to subpoena. It is those words therefore that give the immunity. I cannot see that they have any less strong tendency to immunize papers when sought by the Government than when sought by a trustee in bankruptcy. Nor is there any other statute which purports to give the Government any greater power of discovery than a private citizen armed with a subpoena duces tecum. The Government makes much of section 7602 of title 26 under which it proceeds but that section does no more than give to the Government during the course of its investigation rights to the production of papers similar to the rights possessed by the Harris case's trustee in bankruptcy armed with a subpoena duces tecum.

I hold therefore that section 604 gives to records of a foreign branch bank the same immunity from discovery whether discovery is sought by the Government under a Treasury Department summons or by a private citizen under a subpoena.

The summons is modified so as to command the production of only those records which are located in New York.